OPINION
Defendant-appellant, Michael Stanifer, appeals his classification as a sexual predator pursuant to R.C. 2950.09(C). On May 16, 1996, appellant pleaded guilty to one count of gross sexual imposition and one count of sexual imposition. On July 18, 1996, appellant was sentenced to two years in prison on the gross sexual imposition charge and sixty days on the sexual imposition charge, to be served concurrently.
While serving his prison sentence, appellant was recommended by the Ohio Department of Rehabilitation and Correction for classification as a sexual predator under R.C. 2950.09(C)(1). On October 17, 1997, the trial court conducted a sexual predator hearing pursuant to R.C. 2950.09(B) and determined that appellant was a sexual predator. Appellant appeals this determination and raises two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION CHALLENGING THE CONSTITUTIONALITY OF OHIO REVISED CODE SECTION 2950.09.
Appellant argues that the trial court erred in finding R.C.2950.09 to be constitutional, arguing that as applied, the statute violates both the United States and the Ohio Constitutions as an ex post facto and retroactive law. In State v. Lyttle (Dec. 22, 1997), Butler App. No. CA97-03-060, unreported, this court addressed the constitutionality of the sexual predator statute. This court held that R.C. 2950.09 was constitutional and that the sexual predator law is not punitive and therefore did not violate the Ex Post Facto Clause. Id. at 22. Furthermore, this court has held that the various provisions in the law were remedial, not substantive, and therefore did not violate the Ohio constitutional prohibition against retroactive legislation. Id. at 26. Accordingly, on the authority of Lyttle, the trial court did not err in denying appellant's motion challenging the constitutionality of R.C. 2950.09. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN FINDING DEFENDANT A SEXUAL PREDATOR.
Appellant argues that the trial court's determination that he is a sexual predator is against the manifest weight of the evidence. We disagree.
Appellant's sexual predator classification was made pursuant to R.C. 2950.09(C), which outlines classification procedures for offenders who were convicted and sentenced prior to the effective date of the statute and still imprisoned in a state institution when the statute became effective. R.C. 2950.09(C) provides that after reviewing all the factors set forth in R.C. 2950.09(B), the court shall determine by clear and convincing evidence whether the offender is a sexual predator. The factors to be considered under R.C. 2950.09(B) are: (a) the offender's age; (b) prior criminal record; (c) the age of the victim; (d) whether the offense involved multiple victims; (e) whether the offender used drugs or alcohol to impair the victim; (f) participation in available programs for sex offenders; (g) any mental illness or disability of the offender; (h) the nature of the offender's conduct; (i) whether the offender displayed cruelty while committing the offense; and (j) any additional behavioral characteristics that contribute to the offender's conduct.
A sexual predator is defined as a "person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(E). Sexual predator determinations must be supported by clear and convincing evidence. Id. Clear and convincing evidence has been defined as:
 That measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal. Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the requisite degree of proof.
Cross v. Ledford (1954), 161 Ohio St. 469, 477.
Appellant argues that the trial court erred in considering evidence presented by Mr. Jolivette, an adult probation officer, who prepared the presentence investigation of appellant. At the sexual predator hearing, appellant objected to Jolivette's testimony concerning a report prepared by Catholic Social Services which was included in the presentence investigation. The report stated that appellant was "at medium risk to sexually reoffend. He should not be in any unsupervised situation with children." However, the trial court allowed Jolivette to testify at trial and further allowed the presentence investigation to be admitted holding:
 It was part of the PSI and part of the original information that was provided to the court. And it's also information provided to the court by Catholic Social Services at the request of the [appellant], so it will be admitted as part of the material and the information that the court's gonna [sic] consider in this matter.
We agree with the trial court that a presentence investigation properly admitted in a previous hearing may be considered in a sexual predator hearing.
We have reviewed the record and find that the trial court properly considered the presentence report and the oral statements made by counsel. The trial court enumerated the factors that it considered under R.C. 2950.09, including the offenders age, the age of the victims, that the sexually oriented offense involved multiple victims, and that the nature of the conduct with the victims was part of a demonstrated pattern of abuse.
Based upon the record of the hearing, we find that the trial court's determination that appellant is a sexual predator is supported by clear and convincing evidence. See State v. Striley (Dec. 29, 1997), Clermont App. No. CA97-05-046, unreported. Appellant's second assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and KOEHLER, J., concur.